**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 02-4709**

—————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

KRISTINA M. WORSTELL,

Defendant - Appellant.

—————————

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. John T. Copenhaver, Jr., District Judge. (CR-01-144)

—————————

Submitted: July 10, 2003                Decided: July 15, 2003

—————————

Before WILKINSON, MOTZ, and TRAXLER, Circuit Judges.

—————————

Affirmed by unpublished per curiam opinion.

—————————

Brian A. Glasser, Eric B. Snyder, BAILEY & GLASSER, L.L.P., Charleston, West Virginia, for Appellant. Kasey Warner, United States Attorney, R. Booth Goodwin, II, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Kristina Worstell appeals the 41-month sentence imposed after a jury found her guilty of assaulting a postal employee, in violation of 18 U.S.C. § 111 (2000). We affirm.

Worstell contends that under Apprendi v. New Jersey, 530 U.S. 466 (2000) (holding any fact, other than prior conviction, that increases criminal penalty beyond prescribed statutory maximum must be submitted to jury and proved beyond reasonable doubt), the district court impermissibly subjected her to a higher sentencing guidelines range upon a finding that the assault caused serious bodily injury because that fact was not submitted to a jury and proven beyond a reasonable doubt. We have previously held sentencing factors are not required to be alleged in the indictment or submitted to the jury. See United States v. Kinter, 235 F.3d 192, 202 (4th Cir. 2000). Worstell was sentenced within the statutory maximum pursuant to 18 U.S.C. § 111(b) upon a jury finding of bodily injury, and Apprendi does not apply.

For the foregoing reasons, we affirm Worstell's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

2